JUSTICE WEBER,
dissenting:
I join in all aspects of the dissent of Justice Sheehy. In addition to the elements of his dissent, I desire to comment on a fundamental aspect of the majority opinion.
The majority opinion in Issue 1 concludes that STAB’s Findings of Fact IX and XI are correct, and therefore overrules the conclusion of the District Court. In substance Finding of Fact IX found that each missionary recipient to whom Steer, Inc. contributed had as its principal purpose the “dissemination of evangelical gospel and principles.” In substance Finding of Fact XI concluded that the cattle and property owned by Steer, Inc. were not used for any other purpose than set forth above in the Findings of Fact. The conclusion of fact to be drawn from these two Findings is that STAB found that the cattle owned by Steer, Inc. were used for the principal purpose of the dissemination of evangelical gospel and principles. The substance of the majority opinion comment on this aspect is as follows:
“... Rather, DOR argues that STAB correctly found that Steer’s member of evangelical organizations’ principal purpose is to disseminate evangelical gospel and principles. ‘Principal’ here does not mean ‘exclusive’ — STAB used the word ‘principal’ to put into perspective Steer’s religious activities compared to its charitable activities.
“We agree with DOR’s arguments. The record indeed contains substantial evidence to support STAB’s finding that Steer’s member *482 evangelical organizations’ principal purpose was the dissemination of evangelical gospel and principles. This finding does not ignore the fact that Steer conducts charitable activities; it does, however, properly balance its charitable activities in relation to its primary, religious activities. ... (Emphasis supplied.)”
STAB bases its entire analysis on an invalid assumption that religious activities cannot be charitable. The majority opinion has fallen into the same error when it concludes that the Finding properly balances the charitable activities of STAB in relation to its primary, religious activities. To state the conclusion in a different way, the assumption is that charitable activities cannot include religious activities. The assumption that charitable principles or purposes somehow exclude religious principles or purposes is incorrect.
In order to demonstrate that the assumed contradiction is not correct, I will review some basic Christian religious principles. The gospel according to Matthew, Chapter 25 starting atverse 31 (Revised Standard Version of the Bible) describes the last judgment when Jesus Christ returns:
“When the Son of man [Jesus Christ] comes in his glory, and all the angels with him, then he will sit on his glorious throne. Before him will be gathered all the nations, and he will separate them one from another as a shepherd separates the sheep from the goats, and he will place the sheep at his right hand, but the goats at the left. Then the King (Jesus Christ) will say to those at his right hand, ‘Come 0 blessed of my Father, inherit the kingdom prepared for you from the foundation of the world; for I was hungry and you gave me food, 1 was thirsty and you gave me drink, I was a stranger and you welcomed me, I was naked and you clothed me, I was sick and you visited me, I was in prison and you came to me.’ Then the righteous will answer him, ‘Lord, when did we see thee hungry and feed thee, or thirsty and give thee drink? And when did we see thee a stranger and welcome thee, or naked and clothe thee? And when did we see thee sick or in prison and visit thee?’ And the King will answer them, ‘Truly, I say to you, as you did it to one of the least of these my brethren, you did it to me.’”
From the foregoing, we may conclude that a principle of Christianity is that Jesus Christ will judge Christians upon the manner in which they treat the least of people. More specifically, the gospel establishes the religious principle that Christians are to feed the hungry, to give drink to the thirsty, to clothe the naked, to visit the *483 sick and those in prison. We may therefore conclude that the feeding of the hungry, the clothing of those without clothes, and the caring for the sick are essential principles of the Christian religion. Note that these also constitute charitable activities.
The evidence in this case with regard to the religious basis for the activities of Steer, Inc. and the missionary recipients was all presented by Steer, Inc. No contrary information was presented by any opposing parties. It is true the evidence did establish that Steer, Inc. as well as the missionary recipients have a strong set of Christian principles which motivate and guide them. As I trust appears from the foregoing gospel quotation, the obligation felt by believers in Christianity that they are to feed the hungry, clothe the naked, and care for the sick and visit those in prison does not convert those activities into some form of religious activity which thereby becomes a non-charitable activity.
This is recognized in the holdings of the District Court which are now reversed by the majority opinion. The District Court pointed out that Finding of Fact IX ignored the commitment to provide services and goods to the needy by STAB’s failure to look beyond the religious aspect of the organization. The District Court correctly saw that religious activities can also properly be charitable activities, and that charitable activities can of course include religious activities, such as providing for the needy.
In accord with the above described Christian religious principles, Mother Theresa and a number of women working with her provide food, clothing and shelter for the poorest of the poor in cities throughout the world. They do so based upon the above quoted gospel principle that when they do this for the least of human beings, they are doing it for Jesus Christ. Would those religious principles disqualify their charitable activities from tax exemption?
In his dissent, Justice Sheehy has clearly set forth the error on the part of the majority in assuming that the property of an institution of public charity is subject to tax. I conclude that the majority also makes a foundational error when it assumes that religious principles of Steer, Inc. and its missionary recipients disqualifies their activities from being classed as charitable.
I too would affirm the District Court.
JUSTICE SHEEHY joins in the foregoing dissent.